IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LARRY AND NORA SHIVELY,      :

      Plaintiffs,      :

      v.      :      Case No. 2:08-cv-221

PAPA JOHN'S INTERNATIONAL, INC.,  :      Judge Watson
                    Magistrate Judge Abel
      :

      Defendant.

      :

REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on Defendant Papa John's International, Inc.'s May 6, 2008 motion to for a change of venue and to dismiss for improper venue. (Doc. 5.)  For the reasons below, the Magistrate Judge RECOMMENDS that the defendants' motion be GRANTED.

**Background.** Plaintiffs Larry and Nora Shively filed a complaint against Defendant Papa John's International, Inc. ("Papa John's") on March 7, 2008.  (Doc. 2.)  The complaint alleges that while on vacation in Myrtle Beach, South Carolina plaintiff was hit by a Papa John's delivery driver and suffered injuries.  On May 6, 2008 the defendant filed an answer and a motion to change venue to South Carolina.  (Doc. 6; Doc. 5.)  Plaintiffs argue that South Carolina is not a more convenient forum because they will call Ohio witnesses.

**Legal Standard.** Federal statutes provide for change of venue.  Section 1404(a) of title 28 of the United States Code states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(a) allows for transfer of venue even when venue is

proper, but provides for transfer only to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964).

The moving party bears the burden of proving why a court should grant a transfer. *Jumara v, State Farm Ins. Co*., 55 F.3d 873, 879-80 (3d Cir.1995); *Commodities Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979); *SEC v. Savoy Indus., Inc.,* 587 F.2d 1149, 1154 (D.C.Cir.1978), cert. denied, *Zimmerman v. SEC*, 440 U.S. 913 (1979); *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978); *Factors, Etc., Inc. v. Pro Arts, Inc*., 579 F.2d 215, 218 (2d Cir.1978), cert. denied, 440 U.S. 908 (1979); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966).

Before a transfer under § 1404(a) may be considered, the court must first establish that the action could have been brought in the proposed transferee district court. *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 21-22 (1960). 28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

If venue is proper in the transferee forum, the Court must then weigh several factors to determine whether such a transfer would be more convenient for the parties and the witnesses and is in the interest of justice.

The Court will consider each of the following factors in its determination of whether a transfer would be "for the convenience of the parties and the witnesses": (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof, including the location of documentary evidence; (3) the convenience and proximity of witnesses, including the availability

2

of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; and (4) the nature and materiality of testimony to be elicited from witnesses who must be transported. The Court will also consider each of the following factors in its determination of whether a transfer would be "in the interest of justice": (1) the respective courts' familiarity with the applicable law; (2) the location of the events involved in the litigation; (3) the possibility of prejudice in either the forum or transfer state; and (4) the likelihood of an expeditious hearing in the respective courts." See *Cincinnati Bell Tel. Co. v. Allnet Communication Services, Inc*., 810 F.Supp. 217, 220 (S.D.Ohio 1992); *Midwest Motor Supply Co v. Kimball*, 761 F.Supp. 1316, 1318 (S.D.Ohio 1991); *Mead Data Central, Inc. v. West Publishing Co*., 679 F.Supp. 1455, 1465 (S.D.Ohio 1987).

**Discussion.** The first inquiry in considering a change of venue is whether the action may have been brought in the proposed transferee district court.  The defendant argues, and plaintiffs do not dispute, that the action could have been brought in South Carolina where the incident giving rise to the claim occurred.  Under § 1391(a)(2) venue would be proper in South Carolina because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Therefore, the court must weigh the factors to determine if transfer of venue would be for the convenience of both the parties and the witnesses and is in the interest of justice.

When the cause of action has little connection with the chosen forum, the plaintiff's choice of forum is to be given less weight than such choice would be given otherwise. *Mead Corp. v. Oscar J. Boldt Constr. Co*., 508 F. Supp. 193, 198 (S.D. Ohio 1981).  Here the plaintiffs' chosen forum has little connection with the cause of action because the events giving rise to the claim occurred in South Carolina, not in Ohio.

Defendant argues that the relative ease of access to sources of proof and the convenience and proximity of witnesses weighs in favor of transfer because the incident occurred in South Carolina.  Plaintiffs assert that certain witnesses would be inconvenienced by transfer of venue, namely "the plaintiff, friends and family members, and most importantly the plaintiff's treating Physicians."  However plaintiffs make no claim that their Ohioan witnesses would be unwilling or unable to travel to South Carolina.  Furthermore, plaintiff states in his affidavit that he was treated in a South Carolina hospital. (Doc. 8, p. 15.)  Relevant proof and witnesses to the accident, the investigation of the accident, and plaintiff's immediate treatment following the accident in South Carolina weigh in favor of transfer of venue.

The fact that South Carolina is the location where the incident occurred itself weighs in favor of transfer of venue to South Carolina.  Although both potential forums would be equally familiar with the applicable law, South Carolina has a stronger interest in adjudicating this claim because the incident occurred there.

Since the incident giving rise to the claim took place in South Carolina, and most witnesses to the accident, accident investigation, and immediate medical treatment are in South Carolina, transfer of venue to South Carolina would be for the convenience of both the parties and the witnesses and is in the interest of justice.  *See Nicol v. Koscinski*, 188 F.2d 537, 538 (6th Cir. 1951).

**Conclusion.** Finding that the District of South Carolina is the more convenient forum, the Magistrate Judge finds that defendant's May 6, 2008 motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the District of South Carolina (doc. 5.) is meritorious; and, therefore, RECOMMENDS that it be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel_____
United States Magistrate Judge